1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  COREY WILLYARD,                        No.  2:14-cv-0780-EFB (TEMP)

12              Plaintiff,

13      v.                                  FINDINGS AND RECOMMENDATIONS

14  MCDANIELS, et al.,

15              Defendants.

16

17

18          In a December 7, 2015 order, the assigned judge, Judge Brennan, scheduled a settlement

19  conference in this case for February 23, 2016, at 9:00 a.m., in Courtroom No. 25 before the

20  undersigned.  (ECF No. 18.)  The order specifically cautioned that the "failure of any counsel,

21  party or authorized person subject to this order to appear in person may result in the imposition of

22  sanctions."  (Id.)

23          At the February 23, 2016 settlement conference, attorney Gary Brickwood appeared on

24  behalf of defendants, along with assistant county counsel Jim Ross.  Both of defendants'

25  representatives traveled over 150 miles from Redding to Sacramento for the settlement

26  conference.  However, even though the court trailed the start of the settlement conference by 30

27  minutes, plaintiff, who proceeds without counsel, failed to appear.

28  ////

                                                1

1    Consequently, on February 25, 2016, the court issued an order to show cause. (ECF No.

2    21.) In that order, the court acknowledged that the December 7, 2015 order scheduling the

3    settlement conference was returned to the court as undeliverable. Nevertheless, the court noted

4    that it was also informed that one of the court's administrators had obtained plaintiff's new

5    contact information through plaintiff's probation officer, and was ultimately able to speak to

6    plaintiff and notify him regarding the date and time of the settlement conference. Indeed, that

7    communication apparently prompted plaintiff to file a notice of change of address on February

8    10, 2016. (ECF No. 19.) At the February 23, 2016 settlement conference, defendants' counsel

9    also advised the court that he had sent an additional notice of the settlement conference to

10   plaintiff's new address, once the notice of change of address was filed. As such, it appeared that

11   plaintiff was well aware of the settlement conference, but nonetheless failed to appear without

12   providing any notice to defendants' counsel or the court. Thus, the court directed plaintiff to

13   show cause, within seven (7) days, why he should not be required to pay $250.00 in sanctions

14   based on his failure to appear at the court-ordered settlement conference. The court specifically

15   cautioned plaintiff that failure to respond to the order by the required deadline may result in

16   dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

17   Although the applicable deadline has now passed, plaintiff failed to respond to the court's

18   order to show cause. Therefore, the court recommends dismissal at this juncture.

19   A court must weigh five factors in determining whether to dismiss a case for failure to

20   prosecute, failure to comply with a court order, or failure to comply with a district court's local

21   rules. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Specifically, the court

22   must consider:

23   (1) the public's interest in expeditious resolution of litigation; (2)
     the court's need to manage its docket; (3) the risk of prejudice to
24   the defendants; (4) the public policy favoring disposition of cases
     on their merits; and (5) the availability of less drastic alternatives.
25

26   Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002). The Ninth

27   Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent

28   before the judge can do anything, but a way for a district judge to think about what to do." In re

2

1   Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

2           Here, the first two factors strongly weigh in favor of dismissal, because plaintiff's failure

3   to appear at a court-ordered settlement conference and comply with court orders have delayed

4   resolution of the action and impacted an already-congested court docket.  The third factor also

5   favors dismissal, because defendants have already been prejudiced, at a minimum, by plaintiff's

6   failure to appear at a settlement conference to which they traveled over 150 miles.  With respect

7   to the fifth factor, the court first attempted lesser sanctions by issuing an order to show cause and

8   cautioning plaintiff that the case may be dismissed if he failed to comply with court orders.

9   However, plaintiff ultimately ignored that order.   Finally, as to the fourth factor addressing the

10  policy favoring disposition of cases on their merits, it is plaintiff's own actions that preclude a

11  resolution on the merits here.  In any event, the fourth factor is clearly outweighed by the other

12  factors.

13          Accordingly, IT IS HEREBY RECOMMENDED that:

14          1.   The action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

15          2.   The Clerk of Court be directed to close this case.

16          These findings and recommendations are submitted to the assigned judge, Judge Brennan.

17  Within fourteen (14) days after being served with these findings and recommendations, any party

18  may file written objections with the court and serve a copy on all parties.  Such a document

19  should be captioned "Objections to the Findings and Recommendations."  Any reply to the

20  objections shall be served on all parties and filed with the court within fourteen (14) days after

21  service of the objections.  The parties are advised that failure to file objections within the

22  specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158

23  F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

24          IT IS SO RECOMMENDED.

25   Dated:  March 10, 2016

26

27                                          _____
                                            KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE

28

                                            3