1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    COREY WILLYARD,                                No.  2:14-cv-0780-EFB (PC)

12                    Plaintiff,

13            v.                                      FINDINGS AND RECOMMENDATIONS

14    MCDANIELS, et al.,

15                    Defendants.

16

17

18    INTRODUCTION

19            Plaintiff has now twice failed to timely appear for a settlement conference before the

20    undersigned, resulting in a significant waste of time and resources for defendants' counsel and the

21    court.  It appears that plaintiff is not seriously interested in prosecuting his case or complying

22    with court orders.  Accordingly, the undersigned recommends that the action be dismissed with

23    prejudice pursuant to Federal Rule of Civil Procedure 41(b).

24    BACKGROUND

25            In a December 7, 2015 order, the assigned judge, Judge Brennan, scheduled a settlement

26    conference in this case for February 23, 2016, at 9:00 a.m., in Courtroom No. 25 before the

27    undersigned.  (ECF No. 18.)  The order specifically cautioned that the "failure of any counsel,

28    party or authorized person subject to this order to appear in person may result in the imposition of

1

1   sanctions." (Id.)

2        At the February 23, 2016 settlement conference, attorney Gary Brickwood appeared on

3   behalf of defendants, along with assistant county counsel Jim Ross.  Both of defendants'

4   representatives traveled over 150 miles from Redding to Sacramento for the settlement

5   conference.  However, even though the undersigned trailed the start of the settlement conference

6   by 30 minutes, plaintiff, who proceeds without counsel, entirely failed to appear.

7        Consequently, on February 25, 2016, the court issued an order to show cause.  (ECF No.

8   21.)  In that order, the court acknowledged that the December 7, 2015 order scheduling the

9   settlement conference was returned to the court as undeliverable.  Nevertheless, the court noted

10  that it was also informed that one of the court's administrators had obtained plaintiff's new

11  contact information through plaintiff's probation officer, and was ultimately able to speak to

12  plaintiff and notify him regarding the date and time of the settlement conference.  Indeed, that

13  communication apparently prompted plaintiff to file a notice of change of address on February

14  10, 2016.  (ECF No. 19.)  At the February 23, 2016 settlement conference, defendants' counsel

15  also advised the court that he had sent an additional notice of the settlement conference to

16  plaintiff's new address, once the notice of change of address was filed.  As such, it appeared that

17  plaintiff was well aware of the settlement conference, but nonetheless failed to appear without

18  providing any notice to defendants' counsel or the court.  Thus, the court directed plaintiff to

19  show cause, within seven (7) days, why he should not be required to pay $250.00 in sanctions

20  based on his failure to appear at the court-ordered settlement conference.  The court specifically

21  cautioned plaintiff that failure to respond to the order by the required deadline may result in

22  dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

23       When plaintiff ultimately failed to respond to the order to show cause by the required

24  deadline, the undersigned issued findings and recommendations for dismissal of the action

25  pursuant to Federal Rule of Civil Procedure 41(b) on March 10, 2016.  (ECF No. 22.)  Thereafter,

26  on March 21, 2016, plaintiff filed a notice apologizing for his absence at the February 23, 2016

27  settlement conference, and requesting that another settlement conference be scheduled.  (ECF No.

28  23.)  In light of that filing and plaintiff's *pro se* status, the court vacated the findings and

1    recommendations for dismissal and discharged the order to show cause on March 28, 2016,

2    permitting another settlement conference to be scheduled.  (ECF No. 24.)  However, the court

3    cautioned plaintiff that "if he again fails to appear for the conference, substantial monetary

4    sanctions and/or dismissal of the action may result."  (Id.)

5            On April 5, 2016, the court issued a minute order setting another settlement conference in

6    this matter before the undersigned on June 14, 2016, at 9:00 a.m., in Courtroom No. 25.  (ECF

7    No. 25.)  The parties were directed to exchange, and deliver to the court, settlement conference

8    statements no later than seven (7) days prior to the settlement conference.  (Id.)  Although

9    defendants submitted a timely settlement conference statement, plaintiff failed to submit any

10   statement prior to the settlement conference or otherwise communicate with the court.

11           On June 14, 2016, the day of the second settlement conference, plaintiff again failed to

12   appear at 9:00 a.m. as ordered.  Defendants' representatives were in attendance, having once

13   again traveled over 150 miles from Redding to Sacramento for the settlement conference.

14   According to defendants' counsel, his office staff had reached out to plaintiff on June 9, 2016, to

15   remind him about the settlement conference.  At that time, plaintiff apparently told defendants'

16   counsel that he had forgotten about the June 14, 2016 settlement conference, that he was

17   homeless, and that he was not sure how he would get to the conference.  Nevertheless, plaintiff

18   never notified the court or defendants' counsel that he would not be attending the settlement

19   conference, nor did he request a continuance of the settlement conference.

20           On June 14, 2016, at 9:30 a.m., the court concluded that plaintiff had failed to appear and

21   went on the record cancelling the settlement conference, releasing defense counsel and stating

22   that an order recommending dismissal of the case would be forthcoming.  However, at 9:40 a.m.

23   the undersigned's courtroom deputy clerk received a telephone call stating that plaintiff had

24   appeared, for reasons unknown, purportedly at the Yolo County courthouse.  Plaintiff was

25   instructed to forthwith travel to the federal courthouse in Sacramento.  The undersigned waited

26   two hours but plaintiff again failed to appear.

27           Just before noon, plaintiff arrived at the Sacramento federal courthouse.  At that time,

28   plaintiff was informed by the undersigned's courtroom deputy clerk that he should appear before

1  the undersigned at 1:15 p.m.  However, when plaintiff's matter was ultimately called at 1:15 p.m.,

2  plaintiff again failed to appear.  Thereafter, around 1:30 p.m., officers at the security checkpoint

3  advised the court that plaintiff was on his way to the courtroom.  On the record, plaintiff was

4  unable to give any plausible excuse for his failure to timely appear at the settlement conference.

5  DISCUSSION

6      A court must weigh five factors in determining whether to dismiss a case for failure to

7  prosecute, failure to comply with a court order, or failure to comply with a district court's local

8  rules.  See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  Specifically, the court

9  must consider:

10
             (1) the public's interest in expeditious resolution of litigation; (2)
11           the court's need to manage its docket; (3) the risk of prejudice to
             the defendants; (4) the public policy favoring disposition of cases
12           on their merits; and (5) the availability of less drastic alternatives.

13  Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).  The Ninth

14  Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent

15  before the judge can do anything, but a way for a district judge to think about what to do."  In re

16  Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

17      Here, the first two factors strongly weigh in favor of dismissal.  Plaintiff failed to file a

18  required settlement conference statement, and twice failed to timely appear for a settlement

19  conference, without any plausible excuse and without any prior notification to the court or

20  defendants' counsel.  Plaintiff's actions have resulted in a significant waste of time and resources

21  for an already-overburdened court, and also strongly suggest that plaintiff is not seriously

22  interested in prosecuting his case.  Indeed, based on plaintiff's conduct thus far, the court has no

23  confidence that plaintiff would comply with future court deadlines and orders.

24      The third factor also favors dismissal, because defendants have been prejudiced, at a

25  minimum, by having to travel over 150 miles on two occasions to settlement conferences for

26  which plaintiff either failed to timely appear or entirely failed to appear.

27      With respect to the fifth factor, the court has already attempted less drastic measures by

28  issuing an order to show cause and ultimately vacating the initial findings and recommendations

4

1    for dismissal to provide plaintiff with another opportunity for a settlement conference.

2    Additionally, because plaintiff has no ability to pay any monetary sanctions, the imposition of

3    such sanctions would be meaningless.  Even though the court is sympathetic to the fact that

4    plaintiff may be homeless and indicates that he has mental health issues, that does not excuse

5    plaintiff from, at a minimum, notifying the court and defendants' counsel of his inability to attend

6    a settlement conference on the scheduled date and requesting a continuance, or otherwise

7    complying with court orders and instructions.

8         Finally, as to the fourth factor addressing the policy favoring disposition of cases on their

9    merits, it is plaintiff's own repeated failures that preclude a resolution on the merits here.  In any

10   event, the fourth factor is clearly outweighed by the other factors.

11        Accordingly, IT IS HEREBY RECOMMENDED that:

12        1.  The action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure

13            41(b).

14        2.  The Clerk of Court be directed to close this case.

15        These findings and recommendations are submitted to the assigned judge, Judge Brennan.

16   Within fourteen (14) days after being served with these findings and recommendations, any party

17   may file written objections with the court and serve a copy on all parties.  Such a document

18   should be captioned "Objections to the Findings and Recommendations."  Any reply to the

19   objections shall be served on all parties and filed with the court within fourteen (14) days after

20   service of the objections.  The parties are advised that failure to file objections within the

21   specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158

22   F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

23        IT IS SO RECOMMENDED.

24    Dated:  June 16, 2016

25

26                                                    _____
                                                      KENDALL J. NEWMAN

27                                                    UNITED STATES MAGISTRATE JUDGE

28